UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Oscar Art Stanley,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>State of Nevada, *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:22-cv-01130-APG-BNW<br><br>**ORDER and REPORT AND RECOMMENDATION** |

*Pro se* Plaintiff Oscar Stanley brings this lawsuit and moves to proceed *in forma pauperis* (IFP). ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. *Id*. Accordingly, the Court will grant his request to proceed *in forma pauperis* at ECF No. 1.

As explained below, the Court will recommend that this case be dismissed with prejudice as it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and because the State of Nevada, the Nevada Supreme Court, and Judge Donald Mosley are immune from suit.

Lastly, the Court will deny the request for appointment of counsel (ECF No. 1-2) as moot.

**I.　Screening**

Courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668

F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* However, unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff seeks relief under 42 U.S.C. § 1983 for violation of his constitutional rights in state court criminal proceedings. He sues the State of Nevada, the Nevada Supreme Court, and Judge Donald Mosley.

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a party who was convicted of a crime is barred from bringing a suit under § 1983 if a judgment in favor of that party would necessarily imply the invalidity of the conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Plaintiff's complaint directly attacks the validity of his criminal sentence. In essence, Plaintiff alleges that as a criminal defendant, he was sentenced as a habitual criminal *before* he was sentenced on the underlying substantive offense. In addition, he alleges that the habitual criminal statute has been amended but his sentence has not changed. Accordingly, if Plaintiff were to succeed in this Section 1983 action, it would necessarily imply the invalidity of his sentence.

In addition, the Eleventh Amendment bars citizens from suing a state. U.S. CONST. amend. XI. The United States Supreme Court has held that 42 U.S.C. § 1983 does not constitute an abrogation of the states' Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338-40 (1979). Absent waiver, a state is therefore not subject to suit under Section 1983. *Id.* The State of Nevada has explicitly refused to waive its immunity to suit under the Eleventh Amendment. NRS 41.031(3). Thus, Plaintiff cannot sue the State of Nevada under 42 U.S.C. § 1983.

Eleventh Amendment immunity extends beyond the state itself. "[A]rms of the [s]tate" also enjoy the Amendment's protection. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). The Nevada Supreme Court is an arm of the State of Nevada and, as a result, is immune from § 1983 damages claims. *O'Connor v. Nevada*, 686 F.2d 749, 750 (9th Cir. 1982). This means that the Eleventh Amendment precludes Plaintiff's claims against the Nevada Supreme Court.

As to naming Judge Mosley as a defendant, judges and those performing judge-like functions are absolutely immune from 42 U.S.C. § 1983 monetary liability for acts performed in their judicial capacities. *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978). Thus, given Judge Mosley was engaging in judge-like functions when imposing the sentence, he is entitled to immunity.

Given that this Section 1983 case necessarily implies the invalidity of Plaintiff's conviction or sentence, and that the defendants are immune from suit, the Court will recommend that Plaintiff's complaint be dismissed with prejudice. *See Heck*, 512 U.S. at 483–87.

The Court notes that Plaintiff may be attempting to pursue a *habeas* claim. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (reiterating that the Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action").

## II.     Conclusion

**IT IS RECOMMENDED** that Plaintiff's complaint (ECF No. 1-1) be dismissed with prejudice, as amendment would be futile.

      **IT IS ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff will not be required to pay the filing fee in this action.

      **IT IS FURTHER ORDERED** that the Clerk of Court must detach and file Plaintiff's complaint (ECF No. 1-1).

      **IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 1-2) is **DENIED** as moot.

      **IT IS FURTHER ORDERED** that the Clerk of the Court shall send Plaintiff copies of an *in forma pauperis* application form for a prisoner, instructions for the same, a blank 28 U.S.C. § 2254 *habeas corpus* form, and instructions for the same. Should Plaintiff wish to file a *habeas corpus* petition and an *in forma pauperis application*, it must be filed in a new action, not in this case.

### III.    Notice

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 18, 2022.

                                                                  BRENDA WEKSLER
                                                                   UNITED STATES MAGISTRATE JUDGE